**ORIGINAL**

| | |
|---|---|
| Janet Lindner Spielberg (SBN 221926)<br>**LAW OFFICES OF JANET LINDNER SPIELBERG**<br>12400 Wilshire Boulevard, #400<br>Los Angeles, California 90025<br>Tel: (310) 392-8801<br>Fax: (310) 278-5938<br>Email: jlspielberg@jlslp.com<br><br>Michael D. Braun (SBN 167416)<br>**BRAUN LAW GROUP, P.C.**<br>10680 West Pico Boulevard, Suite 280<br>Los Angeles, California 90064<br>Tel: (310) 836-6000<br>Fax: (310) 836-6010<br>Email: service@braunlawgroup.com | Joseph N. Kravec, Jr. (*pro hac* to be filed)<br>Ellen M. Doyle (*pro hac* to be filed)<br>**STEMBER FEINSTEIN DOYLE PAYNE & CORDES LLC**<br>Allegheny Building, 17th Floor<br>429 Forbes Avenue<br>Pittsburgh, PA 15219<br>Tel: (412) 281-8400<br>Fax: (412) 281-1007<br>Email: jkravec@stemberfeinstein.com<br>Email: edoyle@stemberfeinstein.com |

*ATTORNEYS FOR PLAINTIFFS*



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV10    4937

| | |
|---|---|
| CHANEE THURSTON, and TANASHA DENMON-CLARK on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONOPCO, INC. d/b/a UNILEVER (formerly d/b/a GOOD HUMOR-BREYERS) d/b/a BREYERS,<br><br>Defendant. | CASE NO.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

FILE VIA FAX

Case No.:                                                                                          COMPLAINT

Plaintiffs, by their attorneys, brings this class action against Defendant Conopco, Inc. d/b/a Unilever (formerly d/b/a Good Humor-Breyers) d/b/a Breyers ("Breyers" or "Defendant"), on their behalf and on behalf of all others similarly situated, and allege as follows based upon the investigation of their counsel:

## INTRODUCTION

1. This is a class action on behalf of a California class of consumers who purchased Breyers All Natural Original Ice Cream products or Breyers Smooth & Dreamy ½ Fat All Natural Ice Cream products which contained alkalized cocoa beginning October 20, 2006 through the present ("Class Period"). Since at least 2006, Breyers has packaged, marketed and sold its Ice Cream products as being "all natural" despite the fact they contain alkalized cocoa - a non-natural processed ingredient that additionally contains potassium carbonate, a man made, synthetic ingredient.[1]

2. Throughout the Class Period, Breyers prominently displayed the moniker "all natural" on the labels of its Ice Cream products, cultivating the image that its ice creams were more wholesome than those that were not natural, in an effort to promote the sale of these products. Indeed, as a result of this false and misleading labeling, Breyers was able to sell these products to thousands of consumers in California and throughout the United States and to profit handsomely from these transactions.

3. Plaintiffs allege Breyers' conduct violates the unlawful, unfair and fraudulent prongs of California's Business and Professions Code section 17200, *et. seq.* (the "UCL"), and the California Business & Professions Code 17500, *et. seq.* (the "FAA"). Plaintiffs also allege that Breyers' conduct is grounds for restitution on the basis of quasi-contract/unjust enrichment.

---

[1] As used throughout this Complaint, "Ice Cream" products includes BREYERS's "all natural" premium Ice Creams, yogurts and sorbets identified in paragraph 19 of this Complaint.

Case No.      2      COMPLAINT

## PARTIES

4. Plaintiff Chanee Thurston is currently a resident of Benicia, California. From at least March 2008 to April 2009, Plaintiff Thurston was domiciled in California, residing in Albany (Berkeley), California. While Ms. Thurston was living in Albany (Berkeley), California, she purchased on several occasions Breyers' All Natural Original Vanilla Fudge Twirl and Breyers' All Natural Original Vanilla, Chocolate, Strawberry Ice Creams, and purchased other of Breyers' Ice Cream products at grocery stores in California near her then residence in Albany (Berkeley), California. After moving to her current residence in April 2009, Ms. Thurston continued purchasing these Breyers' Ice Cream products at grocery stores near her current residence. Ms. Thurston believed the Ice Cream she purchased was all natural and relied on this representation in making the purchase. Indeed, it is important to Ms. Thurston that foods such as Breyers' Ice Cream that her son will eat are all natural products and she tries to buy all natural foods for her son due to his learning disability. Upon information and belief, the Ice Cream Ms. Thurston purchased contained cocoa processed with alkali - a <u>non</u>-natural processed ingredient that additionally contains potassium carbonate, a man made, synthetic ingredient.

5. Plaintiff Tanasha Denmon-Clark has been a resident of Highland, San Bernardino County, California since April 2004. Since at least October 2006, Ms. Denmon-Clark purchased Breyers All Natural Chocolate Ice Cream a minimum of 4 times per year, and occasionally purchased other of Breyers Ice Cream products at grocery stores in California near her residence in Highland, San Bernardino County, California. Ms. Denmon-Clark believed the Ice Cream she purchased was all natural and relied on this representation in making the purchase. Upon information and belief, the Ice Cream Ms. Denmon-Clark purchased contained cocoa processed with alkali - a <u>non</u>-natural processed ingredient that additionally contains potassium carbonate, a man made, synthetic ingredient.

6. Defendant Conopco, Inc. d/b/a Unilever (formerly d/b/a Good Humor-Breyers) d/b/a Breyers is a New York corporation that currently maintains its headquarters at 700 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. Breyers' Ice Cream products are distributed nationwide, including California, in supermarkets, grocery stores, convenience stores, restaurants and other

Case No.   3   COMPLAINT

1 venues. From its inception in 1866 to the present day, Breyers claims to produce a variety of special
2 Ice Cream products made with the finest all natural ingredients. In 1993, Breyers was acquired by
3 Unilever, one of the world's largest consumer products companies, and changed its name to Gold
4 Bond-Good Humor Ice Cream Company and then to Good Humor-Breyers Ice Cream Company.
5 Today, Conopco, Inc. d/b/a Unilever continues to own and manage Breyers and is based in
6 Englewood Cliffs, New Jersey. Conopco, Inc. is wholly owned by Unilever United States, Inc.
7
8                              **JURISDICTION AND VENUE**
9      7.      Jurisdiction of this Court is proper under 28 U.S.C. §1332, as complete diversity
10 between the parties exists. Representative Plaintiffs Chanee Thurston and Tanasha Denmon-Clark
11 were California residents at the time they purchased Defendant's products at issue in this litigation.
12 Defendant is a New York corporation with its principle place of business in New Jersey.
13     8.      Upon information and belief, the amount in controversy exceeds $5,000,000 for
14 Representative Plaintiffs and Class members collectively, exclusive of interest and costs, by virtue of
15 the combined purchase prices paid by Plaintiffs and the Class, and the profit reaped by Defendant
16 from its transactions with Plaintiffs and the Class, as a direct and proximate result of the wrongful
17 conduct alleged herein, and by virtue of the injunctive and equitable relief sought.
18     9.      Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).
19 Defendant maintains offices and has agents, transacts business or is found within this judicial
20 district. Moreover, a substantial portion of the underlying transactions and events complained of
21 herein occurred, and affected persons and entities, in this judicial district, and Defendant has
22 received substantial compensation from such transactions and business activity in this judicial
23 district, including as the result of purchases of Defendant's Ice Cream products from retail locations
24 herein. Finally, Defendant inhabits and/or may be found in this judicial district, and the interstate
25 trade and commerce described herein is and has been carried out in part within this judicial district.
26
27
28

## BACKGROUND

10. The cocoa bean is a seed that grows on trees native to South America. The fermented and dried cocoa seed is the basic ingredient in chocolate. Chocolate is a name given to products that are derived from cacao which are then mixed with some sort of fat (e.g. cocoa butter, oil) and finely powdered sugar to produce a solid edible product.

11. To make chocolate, the beans are processed, roasted, cracked and shelled. The resulting pieces called nibs are further processed into a chocolate liquor, butter or powder. The cocoa powder is typically used in the flavoring of Ice Creams.

12. Unsweetened baking cocoa powder is typically rendered in one of two forms: a natural cocoa or a non-natural version known as Dutch-process cocoa. Both are made by pulverizing partially defatted chocolate liquor and removing nearly all the cocoa butter. Natural cocoa is light in color and somewhat acidic with a strong chocolate flavor. Non-natural dutch-process cocoa is processed with alkali to neutralize its natural acidity. Dutch cocoa is slightly milder in taste, with a deeper and warmer color than natural cocoa. Dutch-process cocoa is frequently used when the product calls for the blending of cacao with liquids. Unfortunately, Dutch processing destroys most of the flavonols present in cocoa -- the water-soluble plant pigments that are believed to give dark chocolate health benefits in the form of antioxidant, anti-inflammatory and antiviral properties.

## ALKALIZED COCOA IS UNNATURAL

13. Although the FDA does not directly regulate the term "natural," the FDA has established a policy defining the outer boundaries of the use of that term by clarifying that a product is not natural if it contains color, artificial flavors, or synthetic substances. http://www.fda.gov/ForConsumers/ConsumerUpdates/ucm094536.htm and http://www.fda.gov/AboutFDA/Transparency/Basics/ucm214868.htm.

14. The FDA also does recognize alkalization as a non-natural process and accordingly requires that "when any optional alkali ingredient is used, the name of the food shall be accompanied by the statement ``Processed with alkali", or ``Processed with -----", the blank being filled in with the common or usual name of the specific alkali ingredient used in the food."

| Case No. | 5 | COMPLAINT |

15. In addition, Breyers Ice Cream products containing alkalized cocoa are processed with potassium carbonate which is a recognized synthetic substance.

### BREYERS' USE OF ALKALIZED COCOA

16. American consumers are health conscious and frequently take nutrition information into consideration in selecting and purchasing food items. Product package labels, including nutrition labels, are vehicles that convey nutrition information to consumers which they can and do use to make purchasing decisions. As noted by Food and Drug Administration Commissioner Margaret Hamburg during an October 2009 media briefing, "[s]tudies show that consumers trust and believe the nutrition facts information and that many consumers use it to help them build a healthy diet."

17. The prevalence of claims about nutritional content on food packaging in the United States has increased in recent years as manufacturers have sought to provide consumers with nutrition information and thereby influence their purchasing decisions. The results of the FDA's most recent Food Label and Package Survey found that approximately 4.8 percent of food products sold in the United States had either a health claim or a qualified health claim on the food package, and that more than half (53.2%) of the food products reviewed had nutrient content claims on the packaging.

18. Treating cocoa with an alkalizing agent changes the chemical structure, taste, and appearance of cocoa and reduces its acidity and flavonol content. In addition, the alkalized cocoa in Breyers' Ice Cream products was processed with potassium carbonate, a recognized synthetic substance.

19. According to a complaint filed with the FDA in 2010 by the Center for Science in the Public Interest ("CSPI"), and as confirmed by Breyers' Ice Cream labels, cocoa processed with alkali is used as an ingredient in 23 of Breyers' Ice Cream flavors which otherwise claim to be "all natural." Those Ice Cream flavors are:

| Case No. | 6 | COMPLAINT |

      a.    **Breyers' All Natural Original Ice Cream Flavors**

Black Raspberry Chocolate
Chocolate Chip Cookie Dough
Chocolate Chip
Chocolate
Cookies & Cream
Extra Creamy Chocolate
Mint Chocolate Chip
NASCAR Checkered Flag Vanilla & Chocolate
Rocky Road
Triple Chocolate
Vanilla, Chocolate
Vanilla Fudge Brownie
Vanilla Fudge Twirl
Vanilla, Chocolate, Strawberry

      b.    **Breyers' Smooth & Dreamy ½ Fat All Natural Ice Cream**

Caramel Tracks
Chocolate Chocolate Chip
Coffee Fudge Brownie
Cookies & Cream
Creamy Chocolate
Dark Chocolate Velvet
Mint Chocolate Chip
Rocky Road
Vanilla Chocolate Strawberry

20. According to the Breyers' corporate website, its Ice Cream has been "Naturally Made Since 1866" "with the promise that [its] ice cream was made with the finest natural ingredients." http://www.breyers.com/Our History.aspx. Breyers' website also touts its All Natural Ice Cream as "real ice cream" and as "Made with rich milk, sweet cream, fine sugar, and other naturally derived ingredients like real fruit and chocolate." http://www.breyers.com/products/all-natural-ice-cream.aspx.

21. Labeling products as "all natural" carries implicit health benefits to consumers – benefits that consumers are often willing to pay a premium over comparable products that are not "all natural." http://www.preparedfoods.com/Articles/Column/7ebc022f62788010VgnVCM100000f932a8c0____. Over the past 150 years Breyers has cultivated and reinforced a corporate image that has catered to

1 this "all natural" theme and have boldly emblazed this moniker on each and every one of its Ice
2 Cream products, despite the fact it uses a synthetic ingredient in the form of alkalized cocoa.

3     22.     Breyers has used the "all natural" label to shape its brand and sell its product. Yet,
4 the existence of alkalized cocoa in its Ice Creams renders the use of the label "all natural," false and
5 misleading. In manufacturing its Ice Cream products, Defendant had a choice between using natural
6 or unnatural processed cocoa. It chose the later, but nonetheless labeled its Ice Cream products as
7 "all natural." As a matter of law, Breyers must now reconcile its labeling with the true content of its
8 products.

## CLASS ACTION ALLEGATIONS

11     23.     Plaintiffs bring this action on behalf of themselves and on behalf of all other members
12 of the Class ("Class"), defined as all consumers who, on or after October 20, 2006, purchased in the
13 State of California Breyers' Ice Cream products that were labeled all natural but contained alkalized
14 cocoa. Plaintiffs bring this Class pursuant to Federal Rule of Civil Procedure 23(a), and (b)(1),
15 23(b)(2) and 23(b)(3). Plaintiffs reserve the right to modify this definition of the Class as may be
16 necessary as this litigation proceeds.

17     24.     Excluded from the Class are: (i) all persons who purchased a Breyers' Ice Cream
18 products for resale; (ii) Defendant and its employees, principals, affiliated entities, legal
19 representatives, successors and assigns; (iii) any person who files a valid, timely request for
20 exclusion; and (iv) the judges to whom this action is assigned and any members of their immediate
21 families.

22     25.     Upon information and belief, there are thousands of Class members who are
23 geographically dispersed throughout the State of California members who are geographically
24 dispersed throughout the State of California. Therefore, individual joinder of all members of the
25 Class would be impracticable.

26     26.     Common questions of law or fact exist as to all members of the Class. These
27 questions predominate over the questions affecting only individual class members. These common
28 legal or factual questions include:

Case No.      8      COMPLAINT

   a. whether Breyers' labels its Ice Cream products as "all natural;"

   b. whether the alkalized cocoa used in Breyers' Ice Cream products is natural;

   c. whether Breyers' "all natural" labeling of its Ice Cream products is likely to deceive class members or the general public;

   d. whether Breyers' representations are unlawful;

   e. the appropriate measure of resitutionary disgorgement and/or restitution.

27. Plaintiffs' claims are typical of the claims of the Class, in that Plaintiffs were consumers who purchased Breyers' "all natural" Ice Cream products that contained alkalized cocoa in California during the Class Period. Plaintiffs, therefore, are no different in any relevant respect from any other class member, and the relief sought is common to the Class.

28. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the class members they seek to represent, and they have retained counsel competent and experienced in conducting complex class action litigation. Plaintiffs and their counsel will adequately protect the interests of the Class.

29. A class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by each individual class member likely will be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Breyers' conduct. Thus, it would be virtually impossible for the class members individually to effectively redress the wrongs done to them. Moreover, even if the class members could afford individual actions, it would still not be preferable to class wide litigation. Individualized actions present the potential for inconsistent or contradictory judgments. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

30. In the alternative, the Class may be certified because Breyers has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate preliminary and final equitable relief with respect to the Class.

## FIRST CAUSE OF ACTION
("Unlawful" Business Practices in Violation of
The Unfair Competition Law ("UCL"), Bus. & Prof. Code 17200, *et seq.*)

31. Plaintiffs hereby incorporate the foregoing paragraphs of this Complaint and restate them as if they were fully written herein.

32. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. Prof. Code 17200.

33. A business act or practice is "unlawful" if it violates any established state or federal law.

34. California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), Article 6, Section 110660 provides that: "Any food is misbranded if its labeling is false or misleading in any particular."

35. Breyers' has violated, and continues to violate the Sherman Law, Article 6, Section 110660 and hence has also violated and continues to violate the "unlawful" prong of the UCL through its use of the term "all natural" associated with products that contained alkalized cocoa. By committing the acts and practices alleged above, Breyers has engaged, and continues to be engaged, in unlawful business practices within the meaning of California Business and Professions Code 17200 *et seq.*

36. Through its unlawful acts and practices, Breyers has obtained, and continues to unfairly obtain, money from members of the Class. As such, Plaintiffs request that this Court cause Breyers to restore this money to Plaintiffs and all Class members, to disgorge the profits Breyers made on these transactions, and to enjoin Breyers from continuing to violate the Unfair Competition Law as discussed herein. Otherwise, the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## SECOND CAUSE OF ACTION
("Unfair" Business Practices in Violation of
The Unfair Competition Law ("UCL"), Bus. & Prof. Code 17200, *et seq.*)

37. Plaintiffs hereby incorporate the foregoing paragraphs of this Complaint and restate them as if they were fully written herein.

38. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. Prof. Code 17200.

39. A business act or practice is "unfair" under the Unfair Competition Law if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

40. Breyers has and continues to violate the "unfair" prong of the UCL through its misleading description of its products as all natural when indeed a main ingredient is not natural and contains a synthetic substance. The gravity of the harm to members of the Class resulting from such unfair acts and practices outweighs any conceivable reasons, justifications and/or motives of Breyers for engaging in such deceptive acts and practices. By committing the acts and practices alleged above, Breyers has engaged, and continues to be engaged, in unfair business practices within the meaning of California Business and Professions Code 17200, *et seq*.

41. Through its unfair acts and practices, Breyers has obtained, and continues to unfairly obtain, money from members of the Class. As such, Plaintiffs request that this Court cause Breyers to restore this money to Plaintiffs and all Class members, to disgorge the profits Breyers has made on its Ice Cream products, and to enjoin Breyers from continuing to violate the Unfair Competition Law as discussed herein. Otherwise, the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## THIRD CAUSE OF ACTION
("Fraudulent" Business Practices in Violation of
The Unfair Competition Law ("UCL"), Bus. & Prof. Code 17200, *et seq.*)

42. Plaintiffs hereby incorporate the foregoing paragraphs of this Complaint and restate them as if they were fully written herein.

| Case No. | 11 | COMPLAINT |
|---|---|---|

43. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code §17200.

44. A business act or practice is "fraudulent" under the Unfair Competition Law if it actually deceives or is likely to deceive members of the consuming public.

45. Breyers' acts and practices of mislabeling their products as all natural despite the fact they contained alkalized cocoa that is not natural and also contains a synthetic substance has the effect of misleading consumers into believing the product something it is not.

46. As a result of the conduct described above, Breyers has been, and will continue to be, unjustly enriched at the expense of Plaintiffs and members of the proposed Class. Specifically, Breyers has been unjustly enriched by the profits it has obtained from Plaintiffs and the Class from the purchases of Ice Cream products made by them.

47. Through its unfair acts and practices, Breyers has improperly obtained, and continues to improperly obtain, money from members of the Class. As such, Plaintiffs request that this Court cause Breyers to restore this money to Plaintiffs and all Class members, to disgorge the profits Breyers has made on its Ice Cream products, and to enjoin Breyers from continuing to violate the Unfair Competition Law as discussed herein. Otherwise, the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**FOURTH CAUSE OF ACTION**
(False Advertising in Violation of
California Business & Professions Code 17500, *et seq.*)

48. Plaintiffs hereby incorporate the foregoing paragraphs of this Complaint and restate them as if they were fully written herein.

49. Defendant uses advertising on its packaging to sell its Ice Cream products. Defendant is disseminating advertising concerning its goods which by its very nature is deceptive, untrue, or misleading within the meaning of California Business & Professions Code 17500, *et seq.* because those advertising statements contained on its product labels are misleading and likely to deceive, and continue to deceive, members of the putative class and the general public.

50. In making and disseminating the statements alleged herein, Defendant knew or should have known that the statements were untrue or misleading, and acted in violation of California Business & Professions Code 17500, *et seq*.

51. The misrepresentations and non-disclosures by Defendant of the material facts detailed above constitute false and misleading advertising and therefore constitute a violation of, California Business & Professions Code 17500, *et seq*.

52. Through its deceptive acts and practices, Defendant has improperly and illegally obtained money from Plaintiffs and members of the Class. As such, Plaintiffs request that this Court cause Defendant to restore this money to Plaintiffs and members of the Class, and to enjoin Defendant from continuing to violate California Business & Professions Code §17500, *et seq*., as discussed above. Otherwise, Plaintiffs and those similarly situated will continue to be harmed by Defendant's false and/or misleading advertising.

53. Pursuant to California Business & Professions Code 17535, Plaintiffs seek an order of this Court ordering Defendant to fully disclose the true nature of its misrepresentations. Plaintiffs additionally request an order requiring Defendant to disgorge its ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendant by means of such acts of false advertising, plus interest and attorneys fees so as to restore any and all monies which were acquired and obtained by means of such untrue and misleading advertising, misrepresentations and omissions, and which ill-gotten gains are still retained by Defendant. Plaintiffs and the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

54. Such conduct is ongoing and continues to this date. Plaintiffs and the Class are therefore entitled to the relief described below.

### FIFTH CAUSE OF ACTION
(Restitution Based On Quasi-Contract/Unjust Enrichment)

55. Plaintiffs hereby incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully rewritten herein. Plaintiffs plead this Count in the alternative.

Case No.      13      COMPLAINT

56. Breyers' conduct in enticing Plaintiffs and the Class to purchase its Ice Cream products through its false and misleading packaging as described throughout this Complaint is unlawful because the statements contained on its product labels are untrue. Breyers took monies from Plaintiffs and Class members for a product promised to be "all natural," even though the product it sold is not natural as specified throughout this Complaint. Breyers has been unjustly enriched at the expense of Plaintiffs and the Class members as result of its unlawful conduct alleged herein, thereby creating a quasi-contractual obligation on Breyers to restore these ill-gotten gains to Plaintiffs and the Class.

57. As a direct and proximate result of Breyers' unjust enrichment, Plaintiffs and the Class members are entitled to restitution or restitutionary disgorgement in an amount to be proved at trial.

## PRAYER

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the other members of the Class, request award and relief as follows:

A. An order certifying that this action is properly brought and may be maintained as a class action, that Plaintiffs be appointed Class Representatives and Plaintiffs' counsel be appointed Class Counsel.

B. Restitution in such amount that Plaintiffs and all Class members paid to purchase Ice Cream products, or the profits Breyers obtained from those transactions.

C. An order enjoining Breyers from advertising its products misleadingly, in violation of California's Sherman Food, Drug and Cosmetic Law and other applicable laws and regulations.

D. An order awarding Plaintiffs their costs of suit, including reasonable attorneys' fees and pre and post-judgment interest.

E. An order requiring an accounting for, and imposition of a constructive trust upon, all monies received by Breyers as a result of the unfair, misleading, fraudulent and unlawful conduct alleged herein.

F. Such other and further relief as may be deemed necessary or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all causes of action and/or issues so triable.

Dated: November 1, 2010        By: _____
                                    Michael D. Braun

**BRAUN LAW GROUP, P.C.**
10680 West Pico Boulevard, Suite 280
Los Angeles, CA 90064

Janet Lindner Spielberg
**LAW OFFICE OF JANET LINDNER SPIELBERG**
12400 Wilshire Boulevard, Suite 400
Los Angeles, California 90025

Joseph N. Kravec, Jr.
Ellen M. Doyle
**STEMBER FEINSTEIN DOYLE PAYNE & CORDES LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA 15219

*ATTORNEYS FOR PLAINTIFFS*